IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

|  |  |
|---|---|
| IN RE: PETITION OF CHARLES W. BAIRD. | Civil No. 2:23CV00006<br><br>OPINION<br><br>JUDGE JAMES P. JONES |

*Charles W. Baird, Pro Se Petitioner.*

The petitioner, proceeding pro se, has filed a civil action that he entitles "Petition for redress of grievance." Compl. 6, ECF No. 1. He characterizes his grievance as the "[f]ailure of the Courts to uphold the Constitution of the United States of America and the Commonwealth of Virginia as the supreme law of the land." *Id.* at 7. He contends that various laws violate these constitutions, including "The Gun Control Act and respective State and Federal laws affecting firearms rights" and "The Controlled Substance Act and respective State and Federal laws criminalizing the possession, use or sale of drugs." *Id.*

The United States Constitution strictly limits the power of the federal courts to cases or controversies. U.S. Const. art. III § 2. As the Supreme Court has stated:

> Federal courts have authority under the Constitution to answer such questions only if necessary to do so in the course of deciding an actual "case" or "controversy." As used in the Constitution, those words do

> not include every sort of dispute, but only those "historically viewed as capable of resolution through the judicial process." *Flast v. Cohen,* 392 U.S. 83, 95 (1968). This is an essential limit on our power: It ensures that we act *as judges,* and do not engage in policymaking properly left to elected representatives.

*Hollingsworth v. Perry*, 570 U.S. 693, 700 (2013).  Moreover, an "essential and unchanging part of the case-or-controversy requirement" of the Constitution's Article III jurisdiction is the doctrine of standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  A litigant raising only a "'generalized grievance,' no matter how sincere, is insufficient to confer standing." *Hollingsworth*, 570 U.S. at 706.  A "generalized grievance" is one that raises "only a generally available grievance about government — claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large."  *Id.* (citation omitted).

It is clear that the petitioner does not have standing in this matter.  While he may sincerely seek answers to his questions, this Court does not have the power under the Constitution to consider them in this proceeding.  For this reason, the action must be dismissed for lack of subject-matter jurisdiction.  A separate order of dismissal will be entered forthwith.

        DATED:   June 13, 2023

        /s/ JAMES P. JONES
        Senior United States District Judge